

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL GAUDETTE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0245-H |
| | § | |
| K.J. WENDT, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Daniel Gaudette, an inmate at FCI-Seagoville, has filed a motion for appointment of counsel to appeal the dismissal of this *Bivens* action.[1] For the reasons stated herein, the motion is denied.

A plaintiff in a civil rights action is not entitled to court-appointed counsel as a matter of law. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986). The standard is exceptional circumstances. *Jackson*, 811 F.2d at 261; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The court must consider: (1) the type and complexity of the case; (2) whether the indigent plaintiff can adequately present the case; (3) whether the plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Only the first factor is relevant to a motion for appointment of counsel on appeal. *See Pourgholam v. Advanced Telemarketing Corp.*, 2005 WL 783067 at *1 (N.D. Tex. Apr. 4, 2005).

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 691 (1971).

Although the Fifth Circuit has recognized that civil rights actions are "more complex than many other cases," that fact alone does not warrant the appointment of counsel. *Jackson*, 811 F.2d at 262. The court still must determine whether exceptional circumstances exist. *Id., citing Branch*, 686 F.2d at 266. Plaintiff has failed to meet this burden. In fact, the court previously determined that plaintiff failed to state a claim upon which relief can be granted and summarily dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Gaudette v. Wendt*, 2005 WL 544187 (N.D. Tex. Mar. 7, 2005), *rec. adopted*, (N.D. Tex. Mar. 23, 2005). No new facts are alleged to change this determination or to warrant the appointment of counsel on appeal.

Accordingly, plaintiff's motion for appointment of counsel is denied.

SO ORDERED.

DATED: April 22, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE