COPY ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 12 2005
CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL GAUDETTE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0245-H |
| | § | |
| K.J. WENDT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel Gaudette, appearing *pro se*, has filed a motion to proceed *in forma pauperis* on appeal. For the reasons stated herein, the district court should find that plaintiff is indigent but certify that his appeal is not taken in good faith.

I.

On February 2, 2005, plaintiff, an inmate at FCI Seagoville, filed a civil rights action against Warden K.J. Wendt and various members of the prison medical staff. In his complaint, plaintiff alleges that he received inadequate medical care for low back pain and that Karen Fernanders, a member of the Utilization Review Committee, retaliated against him for filing grievances. On initial screening, the magistrate judge recommended that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Gaudette v. Wendt*, 2005 WL 544187 (N.D. Tex. Mar. 7, 2005). The district judge adopted this recommendation and dismissed the case with prejudice by judgment entered on March 24, 2005.

Plaintiff filed a *pro se* notice of appeal on April 20, 2005. In conjunction with that notice, plaintiff seeks leave to proceed *in forma pauperis* on appeal.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). A district court "may authorize the commencement, prosecution or defense of any suit . . . or appeal therein, without the prepayment of fees or security therefor, by a person who submits an affidavit that . . . [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must also state "the nature of the action, defense or appeal and affiant's belief that [he] is entitled to redress." *Id.* A court may certify in writing that the appeal is not taken in good faith. *Id.* § 1915(a)(3). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

The information submitted by plaintiff shows that he lacks the financial resources to pay the costs of an appeal. However, plaintiff's appeal is patently frivolous. For the reasons set forth in the report and recommendation dated March 7, 2005, which was adopted by the district judge on March 23, 2005, plaintiff has failed to establish a claim for denial of medical care or retaliation. His notice of appeal does not present an arguable issue on the merits with respect to any of his dismissed claims. Consequently, the district court should certify that this appeal is not taken in good faith.

## RECOMMENDATION

The district court should find that plaintiff is indigent but certify that his appeal is not taken in good faith. Accordingly, his motion to proceed *in forma pauperis* on appeal should be denied.

DATED: May 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE